**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

RICHARD PATTERSON,

Plaintiff,

v. Case No. 2:26-cv-1763-KCD-NPM

WARDEN, CHARLOTTE COUNTY JAIL,

Defendant.

---

## ORDER DISMISSING PETITION

Petitioner Richard Patterson, a pretrial detainee currently confined at the Charlotte County Jail, filed a petition for habeas corpus relief under 28 U.S.C. § 2241. (Doc. 1.) Patterson generally complains that irregularities in his state court bond hearing were unconstitutional, and he seeks release from custody. (*Id.*)

The Court now screens the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Because Patterson has not yet exhausted his claims in state court, this Court is barred from considering the merits of this petition.

[1] Rule 4 requires a district court to dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" The Court has discretion to apply Rule 4 to petitions filed under 28 U.S.C. § 2241, as here. *See* Rule 1(b), Rules Governing Section 2254 Cases.

Under 28 U.S.C. § 2241, a state pretrial detainee may file a federal petition for writ of habeas corpus if his detention "violate[s] the Constitution or the laws or treaties of the United States." *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); 28 U.S.C. § 2241(c)(3). Here, Patterson alleges that he is being illegally denied bail. However, "a federal court does not sit in appellate review of a state court's exercise of judicial discretion in its grant or denial of bond." *Young v. Hubbard*, 673 F.2d 132, 134 (5th Cir. 1982).

While a federal court is empowered to review the *constitutionality* of the denial of bail, a petitioner must first show that he has exhausted his state avenues of relief before a federal court will hear his habeas claim. 28 U.S.C. § 2254(b); *see also Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985) (recognizing that a district court may not grant a § 2241 petition "unless the petitioner has exhausted all available state remedies"); *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (applying the exhaustion requirement to a state pretrial detainee's § 2241 petition).

To "ensure that state courts have the first opportunity to hear all claims, federal courts require a state prisoner to present the state courts with the same claim he urges upon the federal courts." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005); *see also Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S.

484, 489–92 (1973).[2] In addition, the petitioner must take the claim "to the state's highest court, either on direct appeal or on collateral review." *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010).

Here, Patterson is in the Charlotte County Jail under a charge of grand theft of a motor vehicle in case number 082025CF000316.[3] Patterson asserts—and a review of the criminal docket confirms—that he filed a petition for writ of habeas corpus in the Sixth District Court of Appeal on May 28, 2026, but the result of the petition is still pending. (Doc. 3 at 9.) Therefore, his § 2241 claims are unexhausted, and they must be dismissed without prejudice as unexhausted under Rule 4 of the Rules Governing Habeas Corpus Cases.

Accordingly, it is now **ORDERED**:

1. This case is **DISMISSED without prejudice** as unexhausted.
2. Patterson is **DENIED** a certificate of appealability.[4]

---

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

[3] *See* Charlotte County Clerk of Court website: https://courts.charlotteclerk.com/Benchmark/Home.aspx/Search (search Patterson, Richard Scott).

[4] When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, the petitioner must show that jurists of reason would find it debatable whether: (1) "the district court was correct in its procedural ruling"; and (2) the petition "states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Patterson has not made this showing and is denied a certificate of appealability.

3. The **Clerk** is directed to terminate any pending motions as moot, close this file, and enter judgment accordingly.

**ENTERED** in Fort Myers, Florida on August 31, 2026.

Kyle C. Dudek
United States District Judge